# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ALISA FREEMAN,

     Plaintiff,

v.                                     Case No. 2:26-cv-01373 MIS-DLM

YANCY DARBY, individually and in his
official capacity; ADRIAN GARCIA,
individually and in his official capacity;
LANCE LEDFORD, individually and in his
official capacity; and the VILLAGE OF
RUIDOSO, NEW MEXICO.

     Defendants.

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES UNDER THE NEW MEXICO TORT CLAIMS ACT, NEW MEXICO CIVIL RIGHTS ACT, AND NEW MEXICO CONSTITUTION ONLY
### (Filed as of Right Under Rule 15(a)(1))

**COMES NOW,** Plaintiff by and through her counsel of record, GADDY LAW FIRM (Brian Gaddy) and hereby submits her First Amended Complaint filed as of Right Under Rule 15(a)(1), as follows:

## I. INTRODUCTION

1. This is a civil action brought under the New Mexico Civil Rights Act, NMSA 1978, § 41-4A-1 et seq., and the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq., and other applicable laws, arising from egregious misconduct by law enforcement officers, including excessive force, wrongful search and seizure, unlawful and false arrest, negligence and assault and battery.

2. Plaintiff Alisa Freeman seeks damages for the physical, emotional, and reputational harm caused by Defendants' unlawful actions on or about February 9, 2024, and continuing thereafter.

## II. PARTIES

3.      Plaintiff Alisa Freeman is a resident of Ruidoso, New Mexico.

4.      Defendant Officer Darby was, at all relevant times, a law-enforcement officer employed by the Ruidoso Police Department and acting within the course and scope of his duties.

5.      Defendant Adrian Garcia was, at all relevant times, a law-enforcement officer employed by the Village of Ruidoso and acting within the course and scope of his duties.

6.      Defendant Lance Ledford was, at all relevant times, a law-enforcement officer employed by the Village of Ruidoso and acting within the course and scope of his duties.

7.      Defendant Village of Ruidoso is a public body within the meaning of the New Mexico Civil Rights Act and a governmental entity subject to the New Mexico Tort Claims Act.

## III. JURISDICTION AND VENUE

9.      This action is presently pending before this Court following removal from the Twelfth Judicial District Court, Lincoln County, New Mexico.

10.     This First Amended Complaint asserts intentionally pleads no federal causes of action.

11.     The state-law claims asserted herein arise from events occurring in Lincoln County, New Mexico.

12.     Venue was proper in the Twelfth Judicial District Court because the events giving rise to these claims occurred in Lincoln County, New Mexico, and Defendants acted there.

13.     Plaintiff contemporaneously or separately seeks remand and/or such other relief as is appropriate in light of the withdrawal of all federal claims.

14.     This action is presently pending before this Court following removal from

2

the Twelfth Judicial District Court, Lincoln County, New Mexico.

15. This First Amended Complaint asserts only causes of action arising under New Mexico law.

16. Plaintiff respectfully requests that this Court decline to exercise supplemental jurisdiction over these claims and remand this matter to state court.

## IV. CONDITIONS PRECEDENT

17. Plaintiff asserts that all conditions precedent to suit have occurred, have been performed, or have been waived.

18. Plaintiff further alleges that notice under the New Mexico Tort Claims Act was provided through the Village's website notice mechanism, as previously alleged.

## IV. FACTUAL ALLEGATIONS

19. On or about February 9, 2024, Plaintiff called 911 for medical assistance for Michale Alexander Montoya after he suffered a panic attack and fell, injuring his head.

20. Defendants Darby and Garcia responded to Plaintiff's residence.

21. Plaintiff was inside the residence, wearing a robe and little else, carrying clothes and preparing to take Mr. Montoya to the hospital.

22. Defendants entered the residence without a warrant and without Plaintiff's consent.

23. Once inside, officers were told the situation involved a panic attack and fall.

24. Plaintiff alleges there was no lawful basis for a warrantless investigatory entry, detention, or seizure once officers were informed of the facts and no immediate emergency remained requiring forced entry or continued nonconsensual intrusion.

3

25.     Defendant Darby confronted Plaintiff inside the residence, physically restrained her in the hallway and/or child's room area, and slammed her against a wall while forcefully pulling her arm.

26.     Plaintiff alleges that the force used by defendants exposed her body and caused humiliation, pain, fear, and physical injury.

27.     Plaintiff was pregnant at the time and was also caring for a seven-month-old child.

28.     Despite pleas that Plaintiff had done nothing wrong, Plaintiff was dragged from the home without adequate clothing, down a dirt driveway, and placed into a patrol car.

29.     Defendants Darby, Garcia, and Ledford participated in, directed, failed to prevent, and/or ratified Plaintiff's seizure and arrest.

30.     Plaintiff alleges that Defendants used unreasonable, unnecessary, and excessive force under the circumstances.

31.     Plaintiff alleges that Defendants refused to provide adequate clothing and thereby further humiliated and exposed her in public.

32.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, emotional distress, humiliation, mental anguish, counseling/therapy expenses, and financial harm.

33.     Plaintiff has undergone outpatient psychotherapy and counseling following the incident.

34.     At all relevant times, the individual Defendants were acting within the course and scope of their duties for the Village of Ruidoso.

4

35.     Plaintiff further alleges that the Village of Ruidoso maintained customs, practices, failures in supervision, discipline, and/or training that allowed unconstitutional and tortious conduct by its officers when responding to medical-assistance calls and encounters inside homes.

### V. CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF THE NEW MEXICO CIVIL RIGHTS ACT

### (Against Defendant Village of Ruidoso Only)

36.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37.     The New Mexico Civil Rights Act authorizes claims against a public body for deprivations of rights, privileges, or immunities secured by the constitution of New Mexico.

38.     Article II, Section 10 of the New Mexico Constitution protects people against unreasonable searches and seizures.

39.     Through the acts and omissions of its law-enforcement officers acting on its behalf and within the course and scope of their duties, Defendant Village of Ruidoso violated Plaintiff's rights under Article II, Section 10 of the New Mexico Constitution by:

   a.   entering Plaintiff's home without a warrant, consent, or lawful justification;

   b.   detaining, restraining, and seizing Plaintiff without lawful justification; and

   c.   using objectively unreasonable and excessive force during Plaintiff's seizure and arrest.

40.     The acts of the officers were undertaken on behalf of the Village of Ruidoso and are attributable to the Village under the New Mexico Civil Rights Act.

41.     As a direct and proximate result of these violations, Plaintiff suffered the injuries and damages described above.

42.     Plaintiff seeks all damages, fees, costs, and relief available under the New Mexico Civil Rights Act.

### COUNT II - ASSAULT AND BATTERY – NMTCA

**(Against Defendants Darby, Garcia, Ledford, and Village of Ruidoso)**

43.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

44.     Defendants intentionally threatened, touched, grabbed, restrained, dragged, and otherwise used force against Plaintiff without lawful justification.

45.     Such acts constituted assault and battery under New Mexico law.

46.     At all relevant times, the individual Defendants were law-enforcement officers within the meaning of NMSA 1978, § 41-4-3(D), and the immunity waiver in NMSA 1978, § 41-4-12 applies.

47.     Defendant Village of Ruidoso is liable to the extent provided by the New Mexico Tort Claims Act for the tortious conduct of its law-enforcement officers acting within the course and scope of duty.

48.     As a direct and proximate result, Plaintiff suffered bodily injury, physical pain, emotional distress, humiliation, and other damages.

### COUNT III - FALSE ARREST, FALSE IMPRISONMENT, UNLAWFUL SEIZURE – NMTCA

**(Against Defendants Darby, Garcia, Ledford, and Village of Ruidoso)**

49.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

50.     Defendants intentionally detained, confined, seized, and arrested Plaintiff.

51.     Plaintiff alleges the detention, confinement, and arrest were without lawful justification and therefore constituted false arrest and/or false imprisonment under New Mexico law.

52.     The immunity waiver in NMSA 1978, § 41-4-12 applies to law-enforcement officers for, among other things, false imprisonment, false arrest, and deprivation of rights secured by the constitution and laws of New Mexico.

53.     As a direct and proximate result, Plaintiff suffered the injuries and damages described above.

**COUNT IV - MALICIOUS PROSECUTION AND ABUSE OF PROCESS – NMTCA**

**(Against Defendants Darby and Village of Ruidoso)**
**(Pled in the Alternative and to the Extent Supported by Proof)**

54.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

55.     Plaintiff alleges that Defendant Darby initiated, procured, and/or continued criminal process against Plaintiff without probable cause, with malice or an improper purpose, and in a manner constituting malicious prosecution and/or abuse of process under New Mexico law.

56.     This claim is pleaded in the alternative and only to the extent not barred, limited, or otherwise precluded by the procedural posture of any criminal proceedings.

57.     The immunity waiver in NMSA 1978, § 41-4-12 applies to malicious prosecution and abuse of process claims against law-enforcement officers.

58.     Defendant Village of Ruidoso is liable to the extent provided by the New Mexico Tort Claims Act.

7

59. As a direct and proximate result, Plaintiff suffered the injuries and damages described above.

### COUNT V - NEGLIGENCE IN THE USE OF FORCE / CUSTODY / SEIZURE – NMTCA

**(Against Defendants Darby, Garcia, Ledford, and Village of Ruidoso)**
**(Pled only to the extent recognized within the § 41-4-12 waiver)**

60. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

61. In the course of detaining, handling, transporting, controlling, and arresting Plaintiff, Defendants failed to exercise ordinary care for Plaintiff's safety and dignity.

62. Defendants acted unreasonably in the manner in which they physically handled Plaintiff and in failing to provide adequate clothing or protection from unnecessary exposure and humiliation.

63. To the extent such negligent conduct is actionable under NMSA 1978, § 41-4-12 as conduct of law-enforcement officers causing deprivation of rights or personal injury, Plaintiff seeks recovery therefor.

64. As a direct and proximate result, Plaintiff suffered the injuries and damages described above.

### VI. DAMAGES

65. Plaintiff has suffered and will continue to suffer damages, including:

   a. physical pain and suffering;

   b. emotional distress and mental anguish;

   c. humiliation, embarrassment, and loss of dignity;

   d. medical, counseling, and therapy expenses;

   e. loss of earnings and loss of earning capacity;

f. other special and general damages according to proof.

66. Plaintiff seeks punitive damages against the individual Defendants to the extent permitted by New Mexico law on the tort claims for willful, wanton, malicious, reckless, or oppressive conduct.

67. Plaintiff does not seek punitive damages against Defendant Village of Ruidoso under the New Mexico Civil Rights Act.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. On Count I, against Defendant Village of Ruidoso for all relief available under the New Mexico Civil Rights Act, including actual damages, attorney's fees, costs, and such declaratory or prospective relief as may be proper and supported by proof;

B. On Counts II through V, against the proper Defendants under the New Mexico Tort Claims Act for compensatory damages, and punitive damages against the individual Defendants to the extent permitted by law;

C. For pre-judgment and post-judgment interest as allowed by law;

D. For costs and attorney's fees as authorized by statute or other applicable law; and

E. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

GADDY LAW FIRM
/s/Brian Gaddy
Brian Gaddy
4420 Prospect Ave. NE
Albuquerque, NM 87110
P:    (505) 254-9090
*ATTORNEY FOR PLAINTIFF*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of May 2026, the foregoing Plaintiff's Amended Complaint was filed electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Brian Gaddy
Brian Gaddy

10